Catron, Ch. J.
delivered the opinion of the court.
Was the defendant, Brunson, in this case entitled as of *41 right to a reference? He resists the relief prayed, on the ground that he can make title. How Ijy the -standing rules of the court is this to be ascertained: by proof? this would encumber the files with evidence unnecessarily, and of a character that could not be parted with — title deeds. It is a general rule in such case to grant the reference. 1 Maddox Ch. 343-4: 2 Maddox, 208. But if it manifestly appear that a title cannot be .made from the bill and answer, the court will not refer it; and this is an excéption to the general rule.
If the master report in favor of the title, a reference is made to him to approve the conveyance. 1 Mad. 348. But suppose he report against the title, that the vendor cannot at the time of the report make a title; yet the purchaser cannot insist on being discharged from the purchase, if the vendor is capable of making a good title in a reasonable time. Ibid, 349-50.
The practice in England is, to refer the matter of title before any answer is filed, on motion of either party. 2 Mad. Ch. 208: 1 Ves. and B. 1: Balmannor vs. Lumley, 1 Ves. and B. 324. This is only where the single point of title is in dispute. — vs. Skelton, 1 Ves. and B. 516: Blythe vs. Elminhirst, 1 Ves. and B. 1. In the cause before the court nothing but the title was in dispute, and no reason is seen why the reference could not have been had without even an answer. If, however, either party insist on a hearing because of controverted matters aside from the title, then these must be heard, if not manifestly frivolous, before a reference is made. Blythe vs. Elminhirst, 1 Ves. and B. 1. In this instance there is no objection to the reference, and if the title be reported against, for the reasons that Anthony B. Shelby’s assent to the partition of John Shelby’s estate was necessary, and that Mrs. Brunson’s privy examination had been informally taken; yet time should be given to supply these merely formal defects, as they most obviously are. To discharge complainant from the contract under the oircum- *42 stances presented, would be unprecedented. So the circuit court ought to have adjudged.
Decree reversed.